UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA WILLIAMS | CIVIL ACTION |
| Plaintiffs | NUMBER |
| versus | |
| | SECTION |
| WELLS FARGO BANK, N.A. and ABC INSURANCE COMPANY, | MAGISTRATE |
| Defendants | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT through undersigned counsel come Donna Williams, who assert the following claims.

1. This is an action for damages and other relief resulting from violations of the Real Estate Settlement Practices Act, 12 U.S.C. § 2601, *et seq*. (RESPA), which requires servicers of federally related mortgage loans to respond to a borrower's request for information.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 12 U.S.C. § 2614.  Venue is proper in the Eastern District of Louisiana, which is the judicial district where a substantial part of the events relevant to the claims made herein occurred.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff, Donna Williams ("Williams"), is a person over 18 years of age who is domiciled in Orleans Parish, Louisiana.

1

4.     Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") is a nationally chartered bank doing business in this state and parish.

5.     ABC Insurance Company is the fictitious name of an insurance provider that has issued a policy of insurance in favor of the defendant, which policy or policies cover the claims made herein.  ABC Insurance Company is liable *in solido* with the defendant pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269.

**FACTS**

6.     In 2009, a fire occurred at plaintiff's residence at 635-637 S. Alexander Street in New Orleans, Louisiana.  The home was owned by plaintiff and her husband at that time, Freddie Williams.

7.     A claim was submitted to American Security Insurance Company for the fire damage.

8.     American Security Insurance Company paid approximately $165,000.00 to settle the fire claim.

9.     At the time American Security Insurance Company paid the claim, Wells Fargo held a federally related home loan and first mortgage on the property.

10.    Because the repairs to the property were not complete, American Security sent the settlement funds of approximately $165,000.00 to Wells Fargo.

11.    After American Security sent the funds to Wells Fargo, Wells Fargo disbursed a portion of the fire insurance proceeds to Williams and her former husband, Freddie Williams, and they began to make repairs to the house.

12.    In 2010 plaintiff and Freddie Williams divorced.

13.    To date, there has been no partition of the community property between Donna and Freddie Williams.

14. In or near the year 2012, Wells Fargo credited the balance owed on the mortgage by approximately $100,000.00, which was the amount of remaining undistributed proceeds of the settlement funds paid by American Security and held by Wells Fargo.

15. In 2015, plaintiff learned that her house at 635-637 S. Alexander Street in New Orleans, Louisiana was in foreclosure status.

16. Plaintiff believed that the mortgage was current at the time, and did not understand why it was in foreclosure.

17. Plaintiff called Wells Fargo several times to find out why her home was in foreclosure.

18. At some point during these calls, plaintiff was informed by Wells Fargo that it had previously disbursed approximately $100,000.00 of the settlement funds it was holding to her ex-husband, Freddie Williams.

19. Plaintiff had not received notice of the disbursement of these funds to her ex-husband, and received none of the funds.

20. On information and belief, plaintiff's name was not on the check(s) that Wells Fargo disbursed to her ex-husband Freddie Williams.

21. Plaintiff also learned from her calls to Wells Fargo that it had reversed the previous credit of approximately $100,000.00 on the mortgage balance, after it disbursed those funds to her ex-husband.

22. Also during these telephone calls, the Wells Fargo representative gave plaintiff "tracking numbers" linked to her inquires regarding: (i) the status of the mortgage loan, (ii) the reason why it was in foreclosure status, (iii) the account history including debits and credits to the account that resulted in it being placed in foreclosure, and (iv) information regarding the disbursement(s) to her ex-husband of approximately $100,000.00.

23. The tracking numbers included, but were not limited to, numbers 5387681 and 5385994.

## Qualified Written Request

24. On August 14, 2015, plaintiff mailed a letter to Wells Fargo in which she requested information regarding the loan for her house at 635-637 S. Alexander Street in New Orleans, Louisiana 70119.

25. In plaintiff's letter dated August 14, 2015, she identified herself by name, identified the current and previous loan numbers, identified the address of the property in question, referenced the tracking numbers, and requested information regarding the subject matter associated with the tracking numbers, as well as information on the history of any and all other claims associated with the loan.

26. By letter dated October 20, 2015, Wells Fargo replied to plaintiff's letter.

27. In the reply letter dated October 20, 2015, Wells Fargo advised Ms. Williams that "we're unable to provide you with the information you previously requested due to the litigated and ongoing personal matter between you and Freddie Williams."

28. Wells Fargo's reply of October 20, 2015 was not correct. Wells Fargo could have supplied some or all of the information Ms. Williams sought.

29. As a result of Wells Fargo's failure or refusal to provide plaintiff with the information she requested, plaintiff was deprived of information she needed to determine the reason why her house was in foreclosure and how she could bring it out of foreclosure, including information regarding the account history and the debits and credits to the account that resulted in foreclosure. She also was deprived of information she requested regarding the disbursement(s) to her ex-husband of approximately $100,000.00 from the settlement funds previously paid by American Security and held by Wells Fargo.

28.     Plaintiff was entitled to this information under statute, including but not limited to 12 U.S.C. § 2605(e).

29.     Wells Fargo's failure or refusal to provide this information resulted in damages and injury to plaintiff, which are concrete and particularized.

## Violations of RESPA

30.     Wells Fargo's failure or refusal to provide plaintiff with the information she requested violates the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*, including but not limited to 12 U.S.C. § 2605(e).

**WHEREFORE**, plaintiff prays that a judgment be rendered in her favor and against the defendants jointly, severally and in solido, for:

   A.     Actual and additional damages under 12 U.S.C. § 2605(f)(1).

   B.     The costs of this action and reasonable attorney fees, under 12 U.S.C. § 2605(f)(3).

   C.     Interest.

   D.     All other relief appropriate in the premises.

Respectfully submitted,

/s/ Steve R. Conley  (LSBA #21246)
321 N. Vermont Street, Suite 210
Covington, LA  70433
Tel: 985-892-7222
consumerlawyer1@gmail.com

5