UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 16-15226 |
| WELLS FARGO BANK, N.A., ET AL. | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 17)** filed by Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), an opposition thereto (Rec. Doc. 18) filed by Plaintiff Donna Williams ("Plaintiff"), and a reply by Wells Fargo (Rec. Doc. 19). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from a 2009 fire that damaged Plaintiff's residence in New Orleans, Louisiana. (Rec. Doc. 1 at 2.) At the time of the fire, Plaintiff was married to her now ex-husband, Freddie Williams. Plaintiff and Freddie Williams were the mortgagors of the property and Wells Fargo was the mortgagee. (Rec. Doc. 17-1 at 2.) Plaintiff alleges that following the fire, she submitted a claim to American Security Insurance Company ("American Security"), which paid $165,000 to settle the claim.

1

(Rec. Doc. 1 at 2.) Plaintiff contends that American Security sent the settlement funds to Wells Fargo, whereupon a portion of the funds were disbursed to Plaintiff and her then-husband to make repairs. *Id.* Plaintiff states that she and Freddie Williams divorced in 2010, with no partition of any community property to date. *Id.* Plaintiff alleges that in 2012, Wells Fargo applied the remainder of the undistributed settlement funds, $100,000, to the balance due on the mortgage. *Id.* at 3.

Plaintiff alleges that in 2015 she discovered the property was in foreclosure status, and was informed by Wells Fargo that the $100,000 credit applied to the mortgage balance had been reversed and disbursed to Plaintiff's ex-husband. (Rec. Doc. 1 at 3.) Plaintiff alleges that on August 14, 2015, she mailed a letter to Wells Fargo requesting information regarding the mortgage on the property and further alleges that on October 20, 2015, she received a reply from Wells Fargo denying her request for information regarding the loan. *Id.* at 4. On July 18, 2016, Plaintiff filed a state court petition in the Civil District Court for the Parish of Orleans, naming Wells Fargo and ABC Insurance Company as defendants. (Rec. Doc. 17-2 at 1.) Plaintiff claims that Wells Fargo was negligent in its disbursement of the remaining settlement funds and that she suffered financial losses as a result. *Id.* at 3.

On October 4, 2016, Plaintiff filed a lawsuit in this Court, alleging that Wells Fargo violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), which requires servicers of federally related mortgage loans to respond to a borrower's request for information.  On February 6, 2017, Wells Fargo filed the instant *Motion to Dismiss*, alleging that Plaintiff is engaging in improper claim splitting.  (Rec. Doc. 17-1 at 2.)

## **PARTIES' ARGUMENTS**

Wells Fargo argues that Plaintiff's federal lawsuit should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it is duplicative of her state suit, resulting in improper claim splitting.  Wells Fargo asserts that the factual basis for the suits is identical, since both are premised on allegedly improper disbursements of money to Plaintiff's ex-husband.  Wells Fargo also claims that Plaintiff is attempting to improperly expand upon the procedural rights granted in Louisiana state court.  In particular, Wells Fargo argues that because Plaintiff omitted her RESPA claim from her state court petition, Louisiana Code of Civil Procedure Article 1151 would require her to obtain leave of court before amending her pleadings to include the RESPA claims advanced here.  As a result, Wells Fargo argues that Plaintiff should not be given the opportunity to circumvent that requirement by filing the RESPA claim in federal court. Finally, Wells Fargo asserts that Plaintiff has filed the federal

3

suit to gain otherwise unavailable procedural advantages and to harass Wells Fargo.

In opposition, Plaintiff asserts that the federal RESPA and state law claims are separate and distinct, with differing operative facts. Plaintiff avers that the state law suit concerns the handling of fire insurance proceeds, while the federal suit only requests relief on the RESPA claim. Plaintiff argues that her filing of separate suits does not constitute claim splitting and that there is no danger of inconsistent judgments or *res judicata* if both suits are allowed to proceed.

## LEGAL STANDARD

Federal Courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (quoting *Colorado River Conservation Dist. v. United States*, 424 U.S. at 800, 817 (1976)). Therefore, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817. A district court may only abstain from exercising its jurisdiction under "extraordinary and narrow" circumstances. *Superior Diving Co. v. Cortigene*, 372 F. App'x. 496, 498 (5th Cir. 2010) (quoting *Allegheny Cty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959)). Thus, "[a]bstention from the exercise of federal

4

jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813.

The threshold question under the *Colorado River* abstention doctrine is whether the federal and the state actions are parallel, meaning that the actions involve "the same parties and the same issues." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). If the Court determines that the federal and state actions are parallel, it applies the following six factors to determine whether "exceptional" circumstances exist:

> (1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). No single factor is determinative as all must be measured "with the balance heavily weighted in favor of the exercise of jurisdiction" by the federal court. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## DISCUSSION

The federal and state actions brought by Plaintiff are parallel under the *Colorado River* abstention doctrine. Both actions involve the same parties and stem from the same alleged mishandling of insurance proceeds by Wells Fargo. While the

specific claims of the actions differ, the factual basis is nearly identical. It is not necessary to apply "a mincing insistence" on identical parties and issues in all cases to conclude that cases are parallel. *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *Kenner Acquisitions, LLC v. BellSouth Telecommunications, Inc.*, No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (finding proceedings to be parallel when they were "not absolutely symmetrical," but "consist[ed] of substantially the same parties litigating substantially the same issues"). Thus, the actions here are sufficiently symmetrical to satisfy the definition of parallel cases under the *Colorado River* doctrine.

The next step is to apply the *Colorado River* factors to determine if exceptional circumstances exist here to justify abstention. As discussed above, the first factor is the assumption by either court of jurisdiction over a *res*. A "*res*" is defined as an "object, interest, or status, as opposed to a person." Black's Law Dictionary (9th. ed. 2009). Plaintiff's state action alleges negligence for an alleged mishandling of settlement funds, and the federal action seeks statutory damages under RESPA. Neither action involve a *res* over which a court has exercised its jurisdiction. The absence of this factor weighs against abstention. *Trujillo v. Shivers*, No. 12-1532, 2012 WL 4892929, at *2 (E.D. La. Oct. 15,

6

2012) (quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

The second factor is the relative inconvenience of the forums. When the courts are in the same geographic location, this factor weighs against abstention. *See Stewart*, 438 F.3d at 492. Here, both forums are located in New Orleans. Accordingly, this factor weighs against abstention.

The third factor is the avoidance of piecemeal litigation. Importantly, the "pendency of an action in state court does not bar a federal court from considering the same matter." *York Risk v. Preferred Reports*, No. 6:16-CV-00063, 2016 WL 3648263, at *3 (W.D. La. May 24, 2016) (citing *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002)). As the Fifth Circuit has stated:

> *Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger.

*Black Sea*, 204 F.3d at 650-51 (emphasis in original); *See also Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). There is no danger of inconsistent rulings with respect to a piece of property in this case because, as mentioned above,

7

neither proceeding has exercised jurisdiction over a res. This factor weighs against abstention.

The fourth factor is the order in which jurisdiction was obtained. This factor should not be measured exclusively by which action was filed first, but rather by "how much progress has been made in the two actions." *Stewart*, 438 F.3d at 492 (quoting *Murphy*, 168 F.3d at 738). Because Plaintiff's federal action was filed less than three months after the state court action, this factor is neutral. Additionally, the fifth factor, whether federal law governs the case, weighs against abstention because Plaintiff's federal claim is governed by the Real Estate Settlement Practices Act, 12 U.S.C. § 2601, *et seq*.

Finally, the sixth factor does not weigh in favor of abstention. Although there is no reason to believe Plaintiff's interests would not be adequately protected in state court, "this factor can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea*, 204 F.3d at 651 (internal citations omitted). Thus, this factor is neutral.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Wells Fargo's *Motion to Dismiss* **(Rec. Doc. 17)** is **DENIED**.

New Orleans, Louisiana this 5th day of April, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE